## LEONARD *vs.* BARKER.

Where an indorsee of a note negotiates it to another, and after a protest for non-payment, has judgment given against him as indorser in favor of the holder, and then takes up the note and sues a prior indorser, relying on the notice of non-payment which the holder had given, on its becoming payable; a judgment in favor of such prior indorser in a suit by the former holder, in which the question of notice was the point litigated, is evidence against the plaintiff in the action against such prior indorser, and if properly pleaded is a conclusive bar to a recovery. *Per* McKissock, J.

If the former judgment be proved without being pleaded as an estoppel, it seems that it is but evidence, to be considered with the other testimony in the cause. *Per* McKissock, J.

But a report of a referee upon which no judgment has been entered cannot be received as an estoppel or as evidence.

MOTION to set aside the report of a sole referee. The action was by the holder against the fourth indorser of a promissory note. It was made by A. Hackley, payable to the order of P. Cassety nine months after date, at the Onondaga County Bank, for $460 ; and was indorsed by the payee and by two other persons and then by the defendant. The plaintiff's name had been indorsed on the note, but when produced at the trial, that indorsement was erased. After proving the genuineness of the indorsement and giving evidence touching the presentment for payment and notice of non-payment, the plaintiff rested.

The defendant proved that one Oliver Olcott was the holder of the note when it fell due, it having been indorsed to him by the plaintiff; that after it fell due he commenced a suit upon it against the present plaintiff and all the other parties, maker and indorsers ; that the defendant in this suit appeared and interposed a defence, whereupon the plaintiff in that suit severed, and took judgment against all the other parties except the present defendant; and the issue as between these parties was referred to a sole referee, before whom it was tried, and the referee reported against Olcott the then plaintiff, after hearing evidence touching a presentment and notice of non-payment, on the ground that the defendant had not been legally charged as in-

Leonard *v.* Barker.

dorser. No judgment had been entered on this report. After the report of the referee, Olcott compelled the plaintiff to take up the note. He paid the judgment and took up the note, and was the holder of it when the present suit was commenced.

Besides the evidence respecting the former suit, the defendant on the trial of the present action gave evidence touching the question of presentment and notice, tending to show that he had not been legally charged. The referee decided that the proceedings and report in the former suit were not a bar to the present action, and made his report in favor of the plaintiff for the amount due on the note with interest.

*G. F. Comstock,* for the defendant. The plaintiff must recover, if at all, for money paid to the defendant's use, or directly on the contract of indorsement. 1. If he seeks a recovery for money paid, in as much as there was no express request proved, he must show that he has paid money which the defendant was legally liable to pay. (*Com. on Cont.* 452, 458 ; *Munroe* v. *Easton,* 2 *John. Ca.* 75.) But the decision of the case of Olcott against the defendant was competent and conclusive evidence that the defendant was not liable to pay the note. (*Wright* v. *Butler,* 6 *Wend.* 284.) 2. The plaintiff cannot recover on the note as indorsee. By paying it to Olcott he succeeded to the rights which Olcott had, and is therefore barred by the decision in that case. (*Story on Bills,* 497.) By paying it he became possessed of the note as a purchaser. (*Havens* v. *Huntington,* 1 *Cowen,* 387, 394.) He succeeded to the rights of Olcott by substitution. (*Wood* v. *The Jefferson Co. Bank,* 9 *Cowen,* 194, 206; *Brown* v. *Williams,* 4 *Wend.* 360, 367 ; *Gahn* v. *Niemcewicz,* 11 *id.* 312, 316 ; *King* v. *Baldwin,* 2 *John. Ch. R.* 554, 560.) Again, the plaintiff is in legal privity with Olcott. (*Collins* v. *Ellis,* 21 *Wend.* 397, 405 ; *Hutchins* v. *Fitch,* 4 *John.* 222 ; *McDonald* v. *Rainor,* 8 *id.* 442 ; *Rogers* v. *Haines,* 3 *Greenl. R.* 362, 366 ; *Calhoun's Lessee* v. *Dunning,* 4 *Dall.* 120.) The plaintiff did not prove that he had been charged as indorser. His payment to Olcott was therefore voluntary, and he is in no better condi-

Leonard *v.* Barker.

tion to bring this action than any stranger to the note who might have purchased it of Olcott. The plaintiff is barred because he was a party to the former suit, and therefore affected with notice.

The report of the referee was sufficient without showing that a judgment had been entered. The rule for judgment, after four days elapsed without a motion, is a perfect judgment.

*M. T. Reynolds*, for the plaintiff. 1. The former trial and report amounted to a *lis pendens* merely, and to be available for any purpose should have been pleaded in abatement. 2. Upon general principles a judgment upon the report would not conlude the plaintiff in this suit. It was between other parties, and the present plaintiff had no right to produce or examine witnesses, or to appeal. 3. Not having been pleaded as an estoppel, it was evidence merely and not conclusive, and the referee might rightfully find, as he did, the facts to be different from those found on the former trial. 4. The plaintiff was not a purchaser of the note from Olcott, and therefore is not within the principle by which one taking a derivative title is affected by a *res judicata* against his predecessor in the title. This suit is upon an independent contract between the defendant as fourth indorser and the plaintiff as his indorsee. By that contract the defendant undertook to pay the note at maturity if the maker did not, provided he was duly charged as indorser. The referee has found that the condition was performed, and though in the former suit with Olcott, the latter was unable for some cause to prove the condition, that does not conclude the plaintiff from doing it, in a suit instituted by himself.

*By the Court*, McKissock, J. When the note in question fell due in the hands of Olcott, it was his business to see that all the indorsers whom he desired to charge should have regular notice of non-payment. If he had chosen to rely on his immediate indorser, the present plaintiff, alone, he might have contented himself with notifying him. And in the latter case

't would have been for Leonard to give notice to charge Barker and any others he desired to fix. Olcott undertook, however, to charge the indorsers for himself, and if he did it effectually, it inured to the benefit of Leonard, and he can maintain this action against Barker by proof of the notice given by Olcott.

As general propositions, the truth of the foregoing will not be denied. But it is said that the judgment against the plaintiff and all the other parties, except the defendant, destroyed the negotiability of the note, so that the plaintiff cannot recover on it; and that the judgment against the plaintiff, being by default, did not show that the latter had been charged, or was legally bound to pay; and hence, it is said, he cannot recover on the money counts, as for money paid to the defendant's use. The last objection is involved in the first, so it falls if the first is removed. In answer to the first objection: The plaintiff having paid the note to Olcott, and having repossessed himself of it, whether voluntarily or in consequence of the judgment, he undoubtedly holds it by his original title. That is, he may bring his action on the note against all previous parties. (*Chitty on Bills*, 568, 569, 8*th Am. ed.*; 1 *Cowen's Tr.* 240, 3*d ed.*; *Story on Bills*, §§ 422, 423; *Buzzard* v. *Fleenoe*, 1 *Story's Rep.* 333.) Even where the holder of a bill sued the acceptor and charged him in execution, and the latter having obtained his discharge under the lords' act, the holder then sued the drawer, who paid the bill; he was adjudged to be entitled to recover against the acceptor. (*Chitty on Bills*, 568; *Mead* v. *Braham*, 3 *M. & S.* 91; *Macdonald* v. *Bovington*, 4 *T. R.* 825.)

The general right to prosecute on the note after taking it up from the hands of a party to whom it had been negotiated, being established; we are to inquire what the effect is of the report of the referee in the former suit by Olcott against the defendant? If the plaintiff really holds as purchaser or indorsee from Olcott, a verdict and judgment against him on the same matter now in issue, would be evidence against the plaintiff and in favor of the defendant in this cause, and if properly pleaded would be a bar to the action. Although he does not

Leonard *v.* Barker.

hold thus, as purchaser from Olcott, as has been shown, but by a restoration to his original property, and though he does not in all respects stand in the condition of a privy in estate with Olcott, according to the usual examples of that species of relation, still he is not entirely a stranger to him. In some respects he is independent of, and unconnected with him, and in others he holds subject to all his acts and omissions while he was the holder of the note. Thus if Olcott had given notice of non-payment to no one but the plaintiff, the latter might have given notice to his immediate indorser and have recovered on that act of his own. So, too, the plaintiff, on having repossessed himself of the note, might have recovered against the defendant, without regard to any set-off which the defendant might have had against Olcott. On the other hand, if Olcott, while the holder, had received the money on the note of the maker, or had released him or had given him time, the remedy of the plaintiff against the prior indorsers would have been thereby utterly destroyed. So if Olcott had failed to give notice to either the plaintiff or defendant, and the plaintiff, when too late to give notice, had taken up the note and immediately thereafter given the notice of presentment and non-payment to the defendant, the latches of Olcott would have barred his recovery. (*Story on Bills,* §§ 422, 423 ; *Chitty on Bills,* 241, *8th Am. ed.*) The indorser of a note, therefore, who takes it up, after maturity, is bound to see to the acts of his indorsee, and for the plain reason that he is to run the risk of those acts, as the assignee of a chose in action, or the purchaser of a personal chattel, look into the title and inquire as to the interest of the assignor or grantor. In either of the cases above supposed of the receipt of the money of the drawee, or a release, or giving him time, the plaintiff could recover of Olcott the money he paid him for the note. (*Brown v. Williams,* 4 *Wend.* 360, 367.)

It is not correct, therefore, to say, as is sometimes done, that the indorser of a promissory note who has taken it up " holds it as if he had never parted with it," though he does so hold for all the purposes of bringing a suit upon it. And there seems

to be a privity of estate in this case, between the plaintiff and Olcott, which if it were necessary to the decision of the cause, would constrain me, against the opinion of the referee who heard this cause, to say that the report of the referee in the former suit and judgment in favor of the defendant on the note would be evidence against, and, if properly pleaded, would bar the plaintiff in any action on the same note; or in other words, would be conclusive against the plaintiff when he seeks to recover on the notice of non-payment given by Olcott.

But there is in the present case an inseparable difficulty in the way of this branch of the defendant's evidence. No judgment was ever entered on the report, and being a proceeding in a court having the power to arrest judgment and grant new trials, the report was not evidence without a copy of the judgment. (1 *Phil. Ev.* 389; *Cowen & Hill's Notes, p.* 1070.) If we consider, which I do not, that objection waived and the report actually in proof before the referee, still, not being pleaded it is not a bar, but only a .medium of evidence; and taking that view of the case we cannot say that on the whole proof the report is contrary to evidence.

Motion to set aside report of referee denied.