## BUCHANON, CARROLL & Co. *v.* WM. SWITZER et als.

Where cotton, consigned to a commercial house, had been sunk and damaged, and re-shipped, the party re-shipping paying the freight and charges for salvage, and consigning it to another house, who paid the charges for freight and salvage, the original consignees refusing to pay them, on the ground that they were exorbitant—*Held :* That where there is no evidence of any bad faith on the part of the second consignees, or of a combination to commit extortion by the shippers, the consignees were justifiable in paying the charges, and that the payment of such charges should be considered as advances, for which a privilege is given by Article 3214 of the Civil Code and the statute of 1841.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.
*Singleton & Clack,* for plaintiffs and appellants. *Mott & Fraser,* for defendants.

COLE, J. Certain cotton, consigned to plaintiffs, was shipped at a point above Camden, Arkansas, on the Washita River, on the flat or keel boat Walk-in-the-Water. The privilege of re-shipping was expressly reserved to take place at Camden.

BUCHANON
v.
SWITZER.

The cotton was injured by the sinking of the flat, before it reached Camden.

At Camden, the cotton was shipped on the W. C. Young, by *E. Hill & Co.*, and was consigned to *Oakey & Hawkins.* The bill of lading consigning it to them states that they are to pay freight for the cotton, at $3 00 per bale, and $587 25 for charges, which were for salvage and freight.

These charges were paid in Camden, by *E. Hill & Co.*, to the flatboat men, who delivered the cotton there ; the steamer S. B. Young paid them to *Hill & Co.*, and *Oakey & Hawkins* paid them to the W. C. Young, upon her arrival at New Orleans.

After the arrival of the cotton in this city, the plaintiffs commenced this suit by a sequestration of ninety-four bales of cotton, alleging themselves to be the consignees thereof, and that the steamer refused to deliver the cotton, unless they were paid certain demands against the cotton, in the shape of freight, charges, &c., which they alleged to be unjust and not due.

*Oakey & Hawkins* intervened, and alleged that they were in possession of the cotton sequestrated, at the time of the sequestration, as the consignees of *Hill & Co.*

That on the receipt of the cotton and bill of lading, the intervenors paid the sum stipulated in the bill of lading.

The only question is, whether the intervenors were justifiable in making the payment of the charges for salvage, &c., and should be paid for the same.

It is established, that the charges are not higher than the ordinary rate in Arkansas, for salvage and freight, and that it is not usual to re-mark and re-ship cotton that has been saved from a wreck, to the original consignees, except where the original shippers have paid the charges for salvage and freight.

As the charges were justly due, the intervenors, as consignees, were justifiable in advancing the money to pay these charges, in order to get the cotton into market as soon as possible.

Art. 3214 of the Civil Code, and the statute of 17th February, 1841, p. 21, give the consignee a privilege for the amount of his advances on the value of the goods consigned to him, and on the unpaid price of the goods which may have been sold.

The payment of these charges was an advance upon the cotton, and the intervenors are entitled to a privilege on the cotton, to secure the same. The District Judge in his opinion says, " There is no evidence of any bad faith on the part of the intervenors, or of a combination to commit extortion by the shippers. The bill of lading was an order on the intervenors, for the sum they paid, and from the evidence, I think they should be re-imbursed."

Judgment affirmed, with costs.