JANE WEBB, Appellant, *v.* MARGARET C. BUCKELEW et al. Respondents.

*It seems* that it is only a final judgment upon the merits which is competent as evidence and conclusive in a subsequent action between the same parties or their privies.

An interlocutory order is not such a judgment.

In an action against legatees under the provision of the Revised Statutes (2 R. S. 451, § 26) authorizing actions by the creditors of a deceased person to recover the value of assets received by his legatees, the complaint alleged a liability of B., the testator, for breach of a warranty against incumbrances contained in a deed. To establish the liability plaintiff offered in evidence the papers and an interlocutory order in an action brought by him against B. in his life-time. The order was made upon a trial at Special Term on the report of a referee who had been directed to take proof of the facts, to take the accounts, and to report with his opinion. The opinion was that plaintiff was entitled to the relief demanded and

to a judgment for a specified sum. The order confirmed the report in part, and after stating the principles which should govern the accounting directed that it be referred back to report what amount, if any, under those principles, should be awarded to plaintiff. The order concluded thus: "Enter the preceding order as of 15th March, 1869, without prejudice to either party." Before further steps were taken in that action B. died. *Held*, that the order was not conclusive as to the liability of B., nor was it competent as evidence herein.

(Argued November 8, 1880 ; decided November 16, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, reversing a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought by plaintiff, as a creditor of James Buckelew, deceased, under the statute (2 R. S. 151, § 26), against defendants as legatees under the will of the deceased to recover the value of assets received by them.

The alleged liability of the testator was for a breach of a warranty against incumbrances contained in a deed.

Upon the trial plaintiff offered the pleadings and other papers and an interlocutory order in an action brought by him against said Buckelew in his life-time upon the warranty. From the papers it appeared that an order of reference was made to a referee "to take all such accounts and also proofs of all such facts as may be necessary in this action and to report to this court his conclusion thereon, together with his opinion upon the same." The referee made his report, stating his conclusion that plaintiff was entitled to the relief demanded and that defendant should be adjudged to pay $4,640, with interest. On the coming in of the report the cause was brought on for trial, and thereupon an order was made confirming the report save as to certain particulars specified ; and after stating the principles which should govern the account, directing that it be referred back to the referee " to take proof and state the account aforesaid and to report what amount, if any, the plaintiff, upon the principles aforesaid, ought to recover from the defendant, to the end that further action may be had by the court thereon." The order concluded as fol-

lows: "Enter the preceding order as of 15th March, 1869, without prejudice to either party." Buckelew died before any further proceedings were taken in the action. Defendants objected to the order and the other papers; the objections were overruled and the papers were received in evidence.

*W. H. Hollis* for appellant. The decree in the original suit by this plaintiff against James Buckelew was properly admitted in evidence. (*Hopkins* v. *Lee*, 6 Wheat. 113; *Bangs et al.* v. *Strong et al.* [1850], 4 N. Y. 315; *Taggert* v. *Hurlburt*, 66 Barb. 553; *Wood* v. *Byington*, 2 id. 388; *Krekeler* v. *Ritter*, 62 N. Y. 374; *Hopkins* v. *Lee*, 6 Wheat. 113; *Birkhead* v. *Brown*, 5 Sandf. 141, 142.) The said decree never having been appealed from is, therefore, final since it was an order affecting the merits which was appealable. (Old Code, § 349; *Smith* v. *Lewis* [1865], 1 Daly, 452; Bouvier's Law Dict., titles "Decree" and "Decretal Order;" *Brinckley* v. *Brinckley*, 50 N. Y. 202.) As evidence decrees in chancery stand upon the same principles with judgments at law. (Bouvier's Dict., title "Decree;" 1 Greenl. on Ev., §§ 550, 551; 1 Story's Eq. Jur., §§ 547–548; 2 Dan. Ch. Pr. and Pl., 1000.) A decree in chancery is equivalent to a verdict and judgment of a court of law. (*Hopkins* v. *Lee*, 6 Wheat. 113.) This applies not only to such decrees as are usually termed final decrees, and which, like final judgments at law, put an end to the litigation, but to any decree which determines the issues between the parties, awards costs and gives the necessary directions for the final disposition of the cause upon the coming in of the master's report, although the amount to which the plaintiff will be entitled remains to be ascertained. (*Johnson* v. *Everett*, 9 Paige, 639; *Mills* v. *Hogg*, 7 id. 18; *Taylor* v. *Read*, 4 id. 567–8; *Smith* v. *Lewis*, 1 Daly, 453; *Bates* v. *Dykman*, 5 Paige, 303; *Quackenbush* v. *Leonard*, 10 id. 136.) Even an interlocutory decree which decides the main issue, and decrees an accounting, and was obtained in the life-time of the decedent, although it reserves equities for future decision, binds his estate and all his privies, and is admissible in evidence, like a

judgment at law, to prove a debt against his estate, although no accounting had been had. ( *Wood* v. *Byington*, 2 Barb. 387; *Clemens* v. *Clemens*, 37 N. Y. 59, 74.)

*M. W. Divine* for respondents. The interlocutory order and other papers in the action brought by Jane Webb against James Buckelew were improperly received in evidence. (Greenl. on Ev., § 522; id., § 529; Freeman on Judg., § 251; *Whittaker* v. *Bronson*, 2 Paine's C. C. 209, 220; *Holt* v. *Myers*, 9 C. & P. 38; Com. Law, 191; *Feltner* v. *Mulliner*, 2 Johns. 181; *Brinckley* v. *Same*, 50 N. Y. 184, 202; *Baugh* v. *Baugh*, 4 Bibb, 556; *McReady* y. *Rogers*, 1 Neb. 124; *Schurmeier* v. *Johnson*, 10 Minn. 319; *Yates* v. *The People*, 6 Johns. 401, 457, 458; 2 Binn. 70, § 781; *Durant* v. *Essex Co.*, 7 Wall. 107; *Hull* v. *Blake*, 13 Mass. 155; *Morton* v. *Sweetzer*, 12 Allen, 134; *Sweigart* v. *Berk*, 8 S. & R. 305; *Kauffelt* v. *Leber*, 9 W. & S. 93; *Haws* v. *Tiernan*, 53 Penn. St. 192; *Gurnea* v. *Seeley*, 66 Ill. 500; *McFarlane* v. *Cushman*, 21 Wis. 401; *McLane* v. *Spence*, 11 Ala. 171; *Thompson* v. *Mylne*, 4 La. Ann. 206; *Daves* v. *Roberts*, 1 Smedes & M. Ch. 543.)

FINCH, J. The principal question in this case relates to the interlocutory order of March 15, 1869, made in a previous action instituted by the present plaintiff against James Buckelew, who died before final judgment in that action, and two of whose legatees are the respondents on this appeal. To maintain the action against them it was necessary for the plaintiff to establish the liability of James Buckelew for a breach of his covenant against incumbrances. Without the aid of the interlocutory order obtained in his life-time that liability is unproved, and the admissibility of such order is, therefore, the vital question to be considered.

It was made upon a trial at Special Term, and on the report of a referee who had been directed to take proof of the necessary facts and take the accounts and report the same, with his opinion, to the court. The report was confirmed in part, but

set aside in certain specified particulars, and the order, after settling the true principles which should govern the account, concluded with a direction that it be referred back to the said referee to report what amount, if any, upon the principles aforesaid should be awarded to the plaintiff, to the end that further action might be taken by the court. The order concluded with the following direction for its entry, viz. : "Enter the preceding order as of March 15th, 1869, without prejudice to either party."

It is claimed on the part of plaintiff that this order is in substance and effect an interlocutory decree, and although the action abated by the death of Buckelew, and the reference awarded was never executed, and the action not having been revived never terminated in a judgment, yet as against the legatees of Buckelew the order was conclusive as evidence, and established the main facts upon which his liability rested.

Authority for this proposition is cited ( *Wood* v. *Byington,* 2 Barb. Ch. 388), and the opinion of the Chancellor in that case gives, at least, so much of color to the claim as to demand of us a careful consideration.

A judgment when pleaded is a bar, and as evidence is conclusive, between parties and privies, upon the principle that there should be an end to every litigation, and when an issue has been once actually determined, it should not again be contested by the same adversaries, or those claiming under them. (Greenl. Ev., § 522; *Marsh* v. *Pier,* 4 Rawle, 273, 288; Cow. & Hill's Notes, 21, note 262.) The general rule is intended to prevent litigation, and preserve peace; and were it otherwise men would never know when they might repose with security on the decisions of courts of justice; and judgments solemnly and deliberately given might cease to be revered as no longer the end of controversy and evidence of right. (*Le Guen* v. *Gouverneur,* 1 Johns. Cases, 501, 502.) But without such actual determination on the merits, evidenced by a record which cannot be contradicted, the reason of the rule does not apply, and the evidence ceases to be effective. Thus, where the litigation has ended in a discontinuance, or a nonsuit, so that an

actual decision on the merits has not been reached; or where a
verdict of a jury, or the finding of a judge or referee has not
passed into a judgment, and so become absolutely fixed and
final, the proceedings have no conclusive character, and cannot
operate as a bar. (*Carlisle* v. *McCall,* 1 Hilt. 399; *Audubon*
v. *Excelsior Ins. Co.,* 27 N. Y. 216; *Leonard* v. *Barker,* 5
Denio, 220.) It is, therefore, only a final judgment upon the
merits, which prevents further contest upon the same issue, and
becomes evidence in another action between the same parties
or their privies. Until final judgment is reached the proceed-
ings are subject to change and modification; are imperfect,
and inchoate, and can avail nothing as a bar, or as evidence,
until the judgment, with its verity as a record, settles finally
and conclusively the questions at issue. An interlocutory order
is not such a judgment. It is not a judgment at all. (Code
of Proc., § 245; *Belmont* v. *Ponvert,* 3 Robt. 693.) And if
as an order it partakes, in equity cases, of the character of
what was long known as an interlocutory decree, yet, whenever
it is not final; whenever it fails to fix and determine the ulti-
mate rights of the parties; wherever it leaves room for a final
decision yet to be made, it is not admissible in another action,
for the plain reason that it has finally decided and settled
nothing. Until the judgment comes, no man can know what
the ultimate decision will be.

It may be conceded that, under the former practice in equity,
an interlocutory decree was possible, from which an appeal
could have been taken and which, while not the last or closing
judgment, was yet so final and definitive in its character, so com-
pletely settled all the issues and all the rights of the parties, as
to be, in substance, final although interlocutory in form. The
Chancellor in *Wood* v. *Byington* seems to have viewed the in-
terlocutory decree referred to in that case as possessing this
character. The question, however, was not involved in the case,
for there the action had been revived against the administrator
and passed into a final judgment, and it was the enrolled decree
which was received in evidence. Under the Code such a decree
has become an order, and the appeal is postponed till the final

judgment. The change in that respect has, perhaps, not affected the substantial character of such an order, but at least takes it more decisively out of the range of final judgments. Without pursuing that branch of the discussion it is at least quite plainly settled by the authorities that it is only a final judgment, one which has definitely and conclusively decided the issues and fixed the rights involved, which can be used in another action as a bar or as evidence. (*Brinkley* v. *Brinkley*, 50 N. Y. 202; *Whitaker* v. *Bramson*, 2 Paine's C. C. 209; *Holt* v. *Miers*, 9 C. & P. 191; *Baugh* v. *Baugh*, 4 Bibb, 556; *McLane* v. *Spence*, 11 Ala. 172; *Thompson* v. *Mylne*, 4 La. Ann. 206; 2 Whart. on Ev., § 781.)

Was the order in this case of that character? It was not final in form and was not final in substance. It was merely temporary and provisional, and open to change or modification upon the coming in of the referee's report. This appears from two facts. On the one hand the court orders the reference to ascertain whether liability exists or not, and "to the end that further action may be had by the court thereon;" and on the other hand the order itself is directed to be entered "without prejudice to either party." Under the old practice a bill dismissed without prejudice was substantially like a nonsuit in a court of law; and in neither case was the judgment a bar. (*Durant* v. *Essex Co.*, 7 Wall. 109; *Bleight* v. *M'Ilvoy*, 4 Monroe, 142; *Thompson* v. *Clay*, 1 J. J. Marsh. 413, 417.) No reference was made to this clause on the argument, and it is possible it related only to the date of the entry of the order, but as it stands it tends to confirm our impression that the order was *pro forma* merely and not final and conclusive.

The interlocutory order against Buckelew made in his lifetime seems to us, therefore, to have been inchoate and provisional. The right of further action was reserved to the court, and of a further hearing on the whole case to the parties. They were not to be prejudiced by the entry of the order. We interpret the reservation of further action to the court, and the care shown for the ultimate rights of the parties to mean that nothing was decided finally; that on the coming in of the

referee's report the whole case was to be open for argument and a final decision, in the light of the new facts and the further argument then to be made. Thus viewed the order was in no sense final. The court had merely intimated an opinion but decided nothing, and left that decision to be made in the future. There was, therefore, no such actual determination on the merits; no such definitive judgment as to make it admissible in evidence to affect the legatees of Buckelew in the action against them.

We think, therefore, the General Term were right in reversing the judgment. It follows that the order of the General Term should be affirmed and judgment absolute upon the stipulation be ordered in favor of respondents, with costs.

All concur.

Order affirmed and judgment accordingly.