CASE 36.—ACTION BY EMMA GEISLER AGAINST JOHN S.
GEISLER TO RECOVER A PENDENTE LITE
ALLOWANCE AS ALIMONY.—January 15.

# Geisler v. Geisler

Appeal from Campbell Circuit Court.

Judgment sustaining a demurrer to the petition.
Affirmed.

Divorce—Alimony—Finality of Judgment—Action on Judgment.—
A decree awarding to a wife certain weekly allowances as
"alimony pendente lite until final order" was not a final judg-
ment, on which an action could be maintained.

FRED B. BASSMAN for appellant.

M. R. LOCKHART for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The common pleas court of Hamilton county, Ohio,
on October 12, 1891, in the action of Emma Geisler
v. John S. Geisler, entered the following decree for
alimony pendente lite: "This cause came on to be
heard this day upon the motion of the plaintiff for
an allowance of alimony pendente lite and the evi-
dence, and thereupon the court, with the consent of
the defendant, find that said motion is well taken
and do grant the same. It is therefore ordered,
adjudged, and decreed by the court that the said
defendant pay to said plaintiff as such alimony pen-
dente lite, and until further order of this court, the
sum of ten ($10.00) dollars per week, the first payment
of said sum to be made on the 15th day of November,

A. D., 1891; further, that plaintiff shall also have, possess, and enjoy as and for such alimony the following personal property with the right to use the same at her pleasure, to-wit: All her wearing apparel, all the household and kitchen furniture of every description, now in the possession of plaintiff, situated on the premises known as 'No. 275 Breman Street,' in the city of Cincinnati, Hamilton county, Ohio. And the court, coming now to consider the motion of defendant for a dissolution of the injunction heretofore issued herein, find the same not well taken and do overrule the same. It is however, by the court ordered, adjudged, and decreed that defendant may possess and use the office furniture and books which he has heretofore used in the practice of his profession as an attorney at law, also his books of a miscellaneous character, but that he shall not sell, incumber, or otherwise dispose of same, or any part thereof, nor remove the same, or any part thereof, out of the jurisdiction of this court until further order of this court.''

On January 23, 1906, Emma Geisler filed her petition in the Campbell circuit court against John S. Geisler, in which she averred that no part of the money allowed her by the above decree had been paid, and that there was now due her thereon the sum of $7,360. She also averred that the defendant owned certain property in Newport, which she prayed the court to subject to her claim. The circuit court sustained a general demurrer to her petition, and, she declining to plead further, dismissed the action. From this judgment she appeals.

The only question to be determined on the appeal is whether the decree above quoted is a final judgment, on which an action may be maintained in this State. In the case of Franck v. Franck, 107 Ky.,

362, 21 Ky. Law Rep., 1093, 54 S. W., 195, it was held that, where an allowance is to be paid in installments until changed by the further order of the court, the power of the court over the subject-matter of alimony is not exhausted by the entry of the order, but is continuing, for the purpose at any time of making such alterations as the chancellor may deem proper. The rule in England is not to compel payment beyond a year in cases of this sort, unless some explanation of the delay appears. The case of Franck v. Franck was followed in Parsons v. Parsons, 80 S. W., 1187, 26 Ky. Law Rep., 256, and Gerrein v. Mitchie, 122 Ky. 250, 91 S. W., 252, 28 Ky. Law Rep., 1193. The case at bar is not even the case of a final allowance of alimony. It is simply an order pendente lite. When the court that rendered it came to render his final judgment in the case, he had authority to disregard it entirely, and to make such judgment on the question of alimony as the proof on the whole action justified. It is not shown what judgment the court finally rendered in the action. It is not uncommon in such cases for the court, in rendering the final judgment, to take into consideration what has been paid under the pendente lite allowance, and to give a judgment for such balance as may be deemed proper under all the proof. The order of the Ohio court on its face shows that it was intended only to make a temporary provision until the case could be heard and the rights of the parties determined.

Judgment affirmed.