[No. 7084. Decided February 5, 1908.]

MARION V. VAN HORN, *Appellant*, v. Ross H. VAN HORN, *Respondent*.[1]

DIVORCE—TEMPORARY ALIMONY—ALLOWANCE BY FOREIGN COURT—ENFORCEMENT. An action does not lie in this state to recover temporary alimony upon an order therefor made in an action of divorce in another state, although appealable as a final order under the laws of such state; since it is subject at all times to modification in the foreign court.

Appeal from a judgment of the superior court for King county, Tallman, J., entered July 12, 1907, upon sustaining a demurrer to the complaint, dismissing an action to modify a foreign order granting temporary alimony pending divorce proceedings. Affirmed.

*William B. Allison*, for appellant.
*Bamford A. Robb*, for respondent.

RUDKIN, J.—This action was instituted in the court below on an interlocutory order of the superior court of Alameda county, in the state of California, awarding temporary alimony and suit money to the plaintiff herein, in an action for divorce pending in that court. A demurrer interposed to the amended complaint was sustained, and the plaintiff electing to stand on her complaint and refusing to plead further, a

[1]Reported in 93 Pac. 670.

judgment of dismissal was entered. From that judgment the present appeal is prosecuted.

The order on which the action is based was made under § 137 of the Civil Code of California, which reads as follows :

"When an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony, any money necessary to enable the wife to support herself and her children, or prosecute or defend the action."

The authorities very generally agree that an action will not lie in another court or in the courts of another state on an order or judgment such as this. *Baugh v. Baugh*, 4 Bibb. (Ky.) 556; *Ledyard v. Brown*, 39 Tex. 402; *Vine v. Vine*, 21 R. I. 190, 42 Atl. 871; *Cutler v. Cutler*, 88 Ill. App. 464; *Webb v. Buckelew*, 82 N. Y. 555; *Lynde v. Lynde*, 162 N. Y. 405, 56 N. E. 979, 76 Am. St. 332, 48 L. R. A. 679; *Id.*, 181 U. S. 183, 21 Sup. Ct. 555, 45 L. Ed. 810; *Freund v. Freund* (N. J.), 63 Atl. 756; *Israel v. Israel*, 148 Fed. 576; *Hunt v. Monroe* (Utah), 91 Pac. 269; *Sistare v. Sistare* (Conn.), 66 Atl. 772; *Geisler v. Geisler*, 30 Ky. Law 430, 98 S. W. 1023; *Barclay v. Barclay*, 184 Ill. 375, 56 N. E. 636, 51 L. R. A. 351.

The reason for the rule is thus stated in *Israel v. Israel*, *supra:*

"The decree for alimony may be changed from time to time by the chancellor and there may be such circumstances as would authorize the chancellor to even change the amount to be paid by the husband, where he is in arrears in payments required under the decree. . . . The peculiar character of the obligation is such that it is always subject to modification by the court in which the decree was entered according to the varying circumstances of the parties, and no other court could undertake to administer the relief to which the parties are entitled except that having jurisdiction in the original suit. An attempt to do so by such other court would bring about a conflict of authority and a condition of chaos with reference to questions of this character, because no other court would have before it the facts with reference to such

change in conditions and as to such original right of the parties." *Barclay v. Barclay, supra.*

Without questioning the rule announced in these cases, counsel for the appellant earnestly insists that the order in question is a final one under the decisions of the supreme court of the state of California, and must be so considered here. In support of this contention he cites: *Sharon v. Sharon,* 67 Cal. 185, 7 Pac. 456, 635, 8 Pac. 709; *Hite v. Hite,* 124 Cal. 389, 57 Pac. 227, 71 Am. St. 82, 45 L. R. A. 793; *Baker v. Baker,* 136 Cal. 302, 68 Pac. 971.

· While the supreme court of California holds in the cases cited that an order such as this is a final order from which an appeal will lie under its statutes, it does not hold, and has not held to our knowledge, that such an order is not subject to change or modification in the discretion of the court in which it was made, and this is the principal objection to permitting an action to be maintained on such an order in another jurisdiction. It is a significant fact that while the supreme court of California cites *Lochnane v. Lochnane,* 78 Ky. 467, and *Blake v. Blake,* 80 Ill. 523, in support of the right of appeal in the *Sharon* case, the courts of both of these states hold that an action will not lie on such an order. *Cutler v. Cutler,* and *Geisler v. Geisler, supra.*

Finding no error in the record, the judgment is affirmed.

HADLEY, C. J., FULLERTON, MOUNT, CROW, and DUNBAR, JJ., concur.