### SANTILLI v. ILLINOIS SURETY CO. et al.

(Supreme Court, Appellate Term, First Department. March 7, 1913.)

1. JUDGMENT (§ 677*)—PARTIES CONCLUDED—REPRESENTATIVE ACTION.
    A final judgment in an action by one claimant for himself and all others in like situation, in which all claimants were required to prove claims, is binding, not only upon those who appear, but upon those who neglect to come in and be made parties, where it determines that no others than those appearing are entitled to recover.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062, 1193; Dec. Dig. § 677.*]

2. REFERENCE (§ 99*)—CONCLUSIVENESS OF FINDING—NECESSITY OF FINAL JUDGMENT.
    In a suit on a surety bond required by law from private bankers conditioned for their faithful holding and transmission of money, the referee found as a conclusion of law that no person except plaintiffs and the claimants who had appeared were entitled to recover thereon, but the judgment entered merely determined that the plaintiffs and the claimants could recover, without passing in any way on the rights of other claimants, not parties. Held, in a subsequent action on the bond, that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiffs' right to sue was not res judicata, since the finding of the referee was only an order for judgment, and not the judgment of the court.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 148–158; Dec. Dig. § 99.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Giuseppe Santilli against the Illinois Surety Company and another. From a judgment of the Municipal Court of the City of New York rendered in favor of plaintiff, defendant Illinois Surety Company appeals. Affirmed.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Nelson L. Keach, of New York City (L. L. Kellogg, of New York City, of counsel), for appellant.

Gino C. Speranza, of New York City (Michael Schneiderman, of New York City, of counsel), for respondent.

SEABURY, J.  This action is upon a bond of the Illinois Surety Company given pursuant to chapter 185 of the Laws of 1907, as amended by chapter 479 of the Laws of 1908.  The condition of the bond was that one Cianchetta, a private banker, should faithfully hold and transmit moneys deposited with him for transmission to persons in foreign countries.  The liability of the appellant under the bond was stipulated not to exceed $15,000.  On August 3, 1908, plaintiff deposited with Cianchetta $100, and subsequently withdrew $50 of this amount. The balance left with Cianchetta was to be transmitted to a person residing in Italy.  Cianchetta, instead of transmitting the money, absconded.  The present action is to recover the amount left on deposit with Cianchetta, and was commenced on October 1, 1912.  Upon the trial the defendant offered in evidence the judgment roll in an action commenced October 14, 1911, in the Supreme Court of this state by one Terragni and one Di Tizio, who sued on behalf of themselves and all other creditors of said Cianchetta who may be similarly situated and who may come in and become parties and contribute to the expenses of said action.  The action was brought against this appellant upon the same bond as that upon which the plaintiff now sues.  Notice of the pendency of that action being given by publication, the action was referred to a referee to hear and determine, and, pursuant to an order therein entered, notice was published requiring all those having claims under said bond to appear before the referee and make proof of their claims.  Six claimants, including the plaintiffs, appeared and made proof of claims aggregating $2,617.24.  The referee submitted findings of fact and conclusions of law.  The findings of fact recite that the six claimants appearing before the referee have claims against the appellant on the bond, and that their claims are just and legal obligations of the appellant.  There is no finding of fact that only those who appeared in that action have claims against the appellant upon the bond.  Notwithstanding the absence of any finding of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fact that no one other than the claimants appearing in the action are entitled to recover upon the bond, the referee found as a conclusion of law that no person other than the plaintiffs and the claimants who appeared "have established claims against the said bond, *or are entitled to recover upon said bond."*

[1, 2] The judgment entered upon the findings merely determines that the plaintiffs and the claimants appearing in that action have just and valid claims against the appellant herein, and that the six claimants named recover the respective sums due them. The judgment itself does not provide that no person other than those named "are entitled to recover upon said bond." Upon appeal, the appellant contends that the judgment rendered in the Supreme Court action is res adjudicata in the present action. The appellant makes this claim although its liability under the bond might equal $15,000, and notwithstanding the fact that it has only paid claims aggregating $2,617.24. In support of this contention the appellant invokes the rule that a final judgment entered in such a representative action is binding not only upon those who become parties and prove their claims, but upon those who neglect to come in and be made parties. Kerr v. Blodgett, 48 N. Y. 66; Brinckerhoff v. Bostwick, 99 N. Y. 194, 1 N. E. 663; Hirshfeld v. Fitzgerald, 157 N. Y. 180, 51 N. E. 997, 46 L. R. A. 839; Davids v. Bauer (Sup.) 140 N. Y. Supp. 55.

The rule invoked, however, is not decisive of the present appeal. Where the final judgment in such an action determines that no others than those who appeared in the action are entitled to recover, that judgment is doubtless, under the authorities cited, conclusive as a bar against all those who have neglected to come in and be made parties to that action. The judgment which the appellant claims to be a bar in this case contains no such provision. It determines merely that the plaintiffs and those appearing as claimants in that action are entitled to recover the amount of their respective claims. It does not adjudge that there are no others who have claims against the bond, nor does it contain any injunctive clause restraining those who were not parties to that action from the prosecution of their claims. It is true that the conclusion of law made in the findings of the referee states that no persons other than the plaintiffs and the claimants appearing "are entitled to recover upon said bond," but that finding was not included in the judgment, and is not, therefore, to be deemed res adjudicata upon the claim of this plaintiff. A question does not become res adjudicata until it is settled by a final judgment. A mere finding by a referee has no such binding effect; "nothing but final determinations upon the merits are exalted to that pre-eminent distinction." The finding of a court or referee is nothing more than an order for judgment, and is not in itself a judgment of the court. Andrews v. Welch, 47 Wis. 132, 134, 2 N. W. 98.

In Webb v. Buckelew, 82 N. Y. 555, 559, Judge Finch, after pointing out that a judgment is a bar, said:

"But without such actual determination on the merits, evidenced by a record which cannot be contradicted, the reason of the rule does not apply,

and the evidence ceases to be effective. Thus, where the litigation has ended in a discontinuance, or a nonsuit, so that an actual decision on the merits has not been reached; or where a verdict of a jury, or the finding of a judge or referee, has not passed into a judgment, and so become absolutely fixed and final—the proceedings have no conclusive character and cannot operate as a bar. Carlisle v. McCall, 1 Hilt. 399; Audubon v. Excelsior Ins. Co., 27 N. Y. 216; Leonard v. Barker, 5 Denio, 220. It is therefore only a final judgment upon the merits, which prevents further contest upon the same issue, and becomes evidence in another action between the same parties or their privies. Until final judgment is reached, the proceedings are subject to change and modification; are imperfect, and inchoate, and can avail nothing as a bar, or as evidence, until the judgment, with its verity as a record, settles finally and conclusively the questions at issue. An interlocutory order is not such a judgment. It is not a judgment at all."

In Auld v. Smith, 23 Kan. 65, 69, the court said:

"Final judgments are, of course, adjudications; and findings of courts are verdicts of juries, and reports of commissioners or referees may also sometimes be considered as adjudications, but they can be considered such only in cases where they themselves are final, or in cases where a final judgment has afterward been rendered upon them sustaining and confirming them, and even when confirmed by a final judgment they are adjudications only so far as they are necessarily included in and become a part of such judgment. A finding or verdict partially sustained by a judgment and partially not is an adjudication or evidence in a subsequent suit, only so far as it is sustained by the judgment. A thing contained in the finding or verdict, but not included in or confirmed by the judgment, cannot be considered as an adjudication, or used as evidence unless some other ground can be found for its use than merely that it is contained in such finding or verdict. We would refer to the following as among the authorities which we think tend to sustain the foregoing propositions: Donaldson v. Jude, 2 Bibb (Ky.) 57; McReady v. Rogers, 1 Neb. 124 [93 Am. Dec. 333]; Hawks v. Truesdell, 99 Mass. 557; Nash v. Hunt, 116 Mass. 237; Fisk v. Parker, 14 La. Ann. 496; Whitaker v. Bramson, 2 Paine, 209 [Fed. Cas. No. 17,526]; U. S. v. Addison, 73 U. S. [6 Wall.] 292 [18 L. Ed. 919]; Ridgely v. Spenser, 2 Bin. (Pa.) 70; Collins v. Freas, 77 Pa. 493, 497."

In Freeman on Judgments (4th Ed.), § 251, the rule is declared as follows:

"No question becomes res adjudicata until it is settled by a final judgment. For this reason, the verdict of a jury, the finding of a court, or the report of a referee or master is not admissible as evidence to create an estoppel, before it has received the sanction of the court, by passing into a judgment."

In 23 Cyc. 1227, it is said:

"Findings of fact made by the court, or decisions on contested issues, when made the basis of a judgment or decree, are conclusive on the parties in subsequent litigation; but unless followed by a judgment, or incorporated in or covered by a judgment, findings by the court, special proceedings of a jury, reports of referees and masters, and the like, are not conclusive adjudications"—citing Cauhape v. Parke, Davis & Co., 121 N. Y. 152, 24 N. E. 185; Leonard v. Barker, 5 Denio, 220.

The judgment offered in evidence made no determination adverse to this plaintiff. It merely determined that those who appeared in that action established their claims. It did not adjudicate upon the rights of any other person, and contained no injunction restraining others than those who appeared in that action from bringing an action against the appellant upon its bond. It seems that the appellant sought to have

that judgment amended so as to contain an injunction against all other claimants, but this amendment the court refused to make, and upon appeal to the Appellate Division the judgment was affirmed.

The record upon which the appellant relies is not a bar to the plaintiff's claim, and the judgment was therefore properly rendered in favor of the plaintiff.

Judgment affirmed, with costs. All concur.