## SCUDDER v. SCUDDER.
### No. 5617–A.

District Court, Alaska. First Division. Fairbanks.
March 19, 1947.

304

William L. Paul, Jr., of Juneau, for plaintiff.

Howard D. Stabler, of Juneau, for defendant.

PRATT, District Judge.

The plaintiff procured an interlocutory divorce decree from the defendant on the 28th day of June, 1940, in the Superior Court of the State of Washington, in and for the County of King. It provided as follows:

1. That she be "awarded an interlocutory decree of divorce * * * and that such decree be made final at the expiration of the time allowed by law."

2. That he be "required to pay * * * as alimony the sum of $75.00 per month beginning July 1, 1940, payable one half on the 10th and one half on the 25th of each month until further order of this court."

3. That he be "required to pay * * * the sum of $125.00 as and for attorney's fees in this action and the further sum of $12.15 for disbursements."

This action was commenced on the 21st day of October, 1946. It is based entirely upon said interlocutory decree. The amended and supplementary complaint (hereinafter called complaint) alleges the jurisdictional facts leading up to the decree, makes the decree a part of the complaint, a copy being attached thereto as an exhibit, and alleges that no sums have been paid pursuant to said decree.

The defendant has filed a general demurrer to the complaint.

It should be noted that the complaint does not set forth what the laws of Washington are in regard to the matter, nor that the interlocutory decree ever was made final in any respect.

The defendant raises the point that under the Washington law the judgment is of no effect after a period of six years has elapsed since its entry. He points out that this interlocutory decree was more than six years old when the action was commenced.

■ However, inasmuch as the laws of Washington on the subject have not been set forth in the pleadings, this Court will have to assume that they are the same as those of Alaska.

The only provision in the Alaska Code bearing upon the last mentioned subject is Section 3735, C.L.A.1933, providing that if a period of five years shall elapse without execution being issued on a judgment, the execution shall not thereafter issue except on a motion for a revival and on order to that effect.

■ There is nothing in the complaint to show that no execution was issued for a period of five years after the interlocutory decree. ·The presumptions are all in favor of the execution having been issued.

Defendant also raises the point that the interlocutory decree is not a final decree, and that no part of the same is entitled to full faith and credit in the Courts of Alaska, citing 27 C.J.S., Divorce, § 328, P. 1279, Ruge v. Ruge, 97 Wash. 51, 165 P. 1063, L.R.A.1917F, 721; Van Horn v. Van Horn, 48 Wash. 388, 93 P. 670, 125 Am.St.Rep. 940, and other cases.

The plaintiff places great reliance upon the case of Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068, 20 Ann.Cas. 1061, wherein the Court, as set forth in the syllabus, held:

■ "Past due installments of a judgment for future alimony rendered in one State are within the protection of the full faith and credit clause of the Federal Constitution [Art. 4, § 1] unless the right to receive the alimony is so discretionary with the court rendering the decree that, even in the absence of application to modify the decree, no vested right exists."

In Levine v. Levine, 1920, 95 Or. 94, 187 P. 609, 611, the Oregon Supreme Court stated, with reference to the above mentioned holding of the Supreme Court in the Sistare case, as follows:

"* * * this comprehensive statement made in general terms is subject to an exception, for if, under the law of the state where the decree is granted, there is reserved to the court which passed the decree discretionary power to modify the original decree, so as to affect, not only installments yet to become due, but also the amount of any installment which has become due and is unpaid, then such accrued installment does not constitute a final judgment, and on that account is not protected by the full faith and credit clause of the Constitution. In other words, the fact that alimony is payable in installments is not necessarily a controlling factor; but the question as to whether an accrued installment of alimony is to be treated as a final judgment, entitled to the protection of the full faith and credit clause, must be determined by the law of the state in which the decree is entered, and hence, if by the law of the state in which the original decree is entered the court is given discretionary power to modify an accrued installment, then that installment does not come within the embrace of the full faith and credit clause of the federal Constitution."

Section 3996, C.L.A.1933, provides:

"At any time after a judgment is given the court or judge thereof, upon the motion of either party, on notice shall have power to set aside, alter, or modify so much of the judgment as may provide for alimony or for the appointment of trustees for the care and custody of the minor children, or the nurture and education thereof, or the maintenance of either party to the action. (1305–CLA)."

This Section was a part of the Act of Congress approved June 6, 1900, providing for civil government for Alaska, 31 Stat. 321. Said section was taken verbatim from the laws of Oregon of October 11, 1862, Sect. 502, Hill's Annotated Laws; Sect. 514, Lord's Oregon Laws; Sect. 514, Oregon Laws. It remained in the same form until amended in 1921, and is now as amended (Sect. 9-915, Or. Compiled Laws Annotated.).

■ Inasmuch as the Supreme Court of Oregon had, prior to June 6, 1900, held that the above mentioned section gave the courts of Oregon authority to modify past due payments of alimony, as well as further payments adjudged in a decree of divorce, it will have to be presumed that Congress adopted said section and said interpretation thereof. Thus, the doctrine announced in the Sistare case would not apply to Alaska, and the provisions of said interlocutory decree, even as to past due alimony installments, would be subject to revision by the courts and would not be final such as to entitle the decree to full faith and credit.

The Oregon cases just mentioned are: Corder v. Speake, 1898, 37 Or. 105, 51 P. 647; Henderson v. Henderson, March 26, 1900, 37 Or. 141, 60 P. 597, 48 L.R.A. 766, 82 Am.St.Rep. 741; Mason v. Mason, 1934, 148 Or. 34, 34 P. 2d 328.

■ Consequently, the provisions of the interlocutory decree requiring the payment of alimony would not be a final judgment entitled to full faith and credit in the courts of Alaska.

■ The last part of the interlocutory decree requires the husband to pay his wife the sum of $125 for attorney's fees, and $12.15 for disbursements. Section 3996, C.L.A. 1933, does not give the court power to modify this last mentioned provision of the decree. Consequently, it is a final judgment, and as to it, a cause of action has been stated.

■ As the defendant has filed a demurrer to the whole complaint, the statement of a cause of action as to the attorney's fees and disbursements necessitates that the demurrer be overruled.