## SUPREME COURT — SPECIAL TERM — KINGS COUNTY.

### January, 1923.

### THE PEOPLE v. LILLIAN S. RAIZEN.

#### (120 Misc. 182.)

PROCEDURE—WHEN SPECIAL PANEL OF JURORS ORDERED FOR TRIAL FOR MURDER, FIRST DEGREE.

Under the statute (Laws of 1901, chap. 602, as amd. by Laws of 1904, chap. 458) a motion by the district attorney for a special panel of jurors for the trial of an indictment for murder in the first degree will be granted, though no facts or circumstances beyond the bald statement that the defendant has been indicted for the crime charged are shown by the moving affidavit.

APPLICATION for special panel of jurors.

*Charles J. Dodd, District Attorney (William F. X. Geoghan, Assistant District Attorney,* of counsel), for People.

*Hirsh, Newman & Reass (Albert Conway* and *A. H. Kesselman,* of counsel), for defendant.

CALLAGHAN, J.:

This application is by the district attorney for a special panel of jurors, under the provisions of chapter 602 of the Laws of 1901, as amended by chapter 458 of the Laws of 1904, section 5, for the trial of an indictment against the defendant which charges her with the crime of murder in the first degree.

So much of the statute as is pertinent is as follows: "Where, upon such application, it appears to the court that by reason of the importance or intricacy of the case, a special jury is required, or that the subject matter of the indictment or the issue to be tried has been so widely commented upon that the court is satisfied that an ordinary jury cannot without delay and difficulty be obtained to try such issue, * * * the court to which the motion is made may make an order directing that such trial be had by a special jury, and such trial shall be had accordingly."

This motion is resisted upon the ground that facts and circumstances have not been adduced by the affidavit in support of this motion showing the necessity for a trial by a special jury.

The moving affidavit simply recites the indictment and the plea thereto, but the reasons alleged are simply a recapitulation of the language of the statute, no facts or circumstances being shown beyond the bald statement that the defendant has been indicted for the crime of murder in the first degree.

In People v. Hall (169 N. Y. 184) the affidavit supporting a similar application was in substantially the same language as is employed here. The order granting a special jury in that case was reviewed by the Court of Appeals upon an appeal from the verdict of guilty, and the court there held (at p. 197) that inasmuch as the subject of the indictment was for murder in the first degree, that was sufficient to bring the application within the statute.

So that when it is made to appear that the subject-matter of the indictment is of sufficient importance to so warrant, a special jury may be authorized.

Since no action is more important to a defendant or to the People of the State of New York than that of the proper disposition of an indictment charging murder in the first degree, this motion must be granted.

Settle order on one day's notice.

Ordered accordingly.