## SUPREME COURT — SPECIAL TERM — KINGS COUNTY.

### January, 1924.

## THE PEOPLE v. MORRIS BARLOW DIAMOND ET AL.

(122 Misc. 327.)

CRIMINAL PROCEDURE—SUPREME COURT BY EX PARTE ORDER MAY REMOVE FOR TRIAL INDICTMENTS FOUND IN COUNTY COURT—COURT NOT RESTRICTED BY § 22 (4), CODE OF CRIMINAL PROCEDURE—WHEN MOTION TO VACATE ORDER DIRECTING REMOVAL OF INDICTMENTS DENIED.

Section 22 (4) of the Code of Criminal Procedure declares as follows: "To try any ind'ctment found in any county court, or the court of general sessions of the city and county of New York, which has been sent by order of the county court or general sessions to and received of the Supreme Court, or which has been removed from any court into the Supreme Court if, *in the opinion of that court, it is proper to be tried therein.*" *Held,* that the last clause of this section is not to be restricted to removals to the Supreme Court on motion of defendants, made under sections 344-353 of the Code of Criminal Procedure.

The direction in section 353 of the Code of Criminal Procedure that after removal upon a defendant's motion the court to which the action is removed "must" proceed to trial and judgment therein, is irreconcilable with the discretion implied in the final words of section 22 (4) of said Code referring to the opinion of the court as to the propriety of trial.

Where an order granted *ex parte* directing the removal of indictments for murder in the first degree from the County Court to the Supreme Court for trial, explicitly recites the opinion of the court as to the propriety of the action taken, almost identically in the words and exactly in the sense of the terms used in section 22 (4) of the Code of

Criminal Procedure, the fact that such recitals show that the power to order the removal was based upon the statutory declaration, is sufficient warrant for the order granted, and a motion to vacate the same, upon the ground that the court was without power to grant it, will be dismissed.

The subject of the indictments was a sufficient basis for removal and trial in the Supreme Court.

MOTION to vacate orders removing indictments from county court to Supreme Court.

*Charles J. Dodd, District Attorney,* for People.

*Algernon I. Nova,* for defendants Morris Barlow Diamond and Joseph Diamond.

*John Ruston,* for defendant Anthony Joseph Pantano.

*Samuel J. Siegel* and *Edward S. Napolis,* for defendant John Farina.

FABER, J.:

Motion to vacate orders granted ex parte directing removal of indictments from the county court to this court, on the ground that this court was without power to make such orders. The contentions urged in support of these motions, in so far as concerns the power to remove, are the same as were presented in the case of People ex rel. Swann v. Court of General Sessions, 115 Misc. Rep. 454, in which case, on the authority of People v. Jones, 79 N. Y. 45, the power of removal was upheld. It must be admitted that at the time of the decision in People v. Jones, supra, there was common-law power for the removal, and in the Swann case it was held that this common-law power had never been abrogated. With the general conclusion reached in that case I am in full accord. But I would go further and hold that, in addition to or declaratory of the common law, express statutory authority for the right

of removal exists in section 22, subdivision 4, Code of Criminal Procedure, which reads as follows: " To try any indictment found in any county court, or the court of general sessions of the city and county of New York, which has been sent by order of the county court of general sessions to and received of the Supreme Court, or which has been removed from any court into the Supreme Court if, in the opinion of that court, it is proper to be tried therein."

The last clause of this subdivision is not to be restricted (as thought in the Swann case) to removals to the Supreme Court on motion of defendants, made under section 344–353 of the Code of Criminal Procedure. The last of these sections directs that after removal upon the defendant's motion the court to which the action is removed " must " proceed to trial and judgment therein, and the mandatory sense expressed is irreconcilable with the discretion implied in the final words of section 22, subdivision 4, referring to the opinion of the court as to the propriety of trial. The latter words are found in a provision of general application, and are to be accorded some general meaning if fairly possible. They have such meaning when applied to removals other than those on behalf of defendants, and they contemplate a finding of propriety for trial in the Supreme Court in such other cases, recognizing a power to determine the propriety at the time of the removal, and a discretion then to order it. The present orders attacked explicitly recite the opinion of the court as to the propriety of the action taken, the recitals being almost identically in the words and exactly in the sense of the terms used in section 22, subdivision 4, and such recitals show that the power to order the removal was based upon the statutory declaration, which in my opinion, before expressed, was sufficient warrant. The defendants contend that there was no evidence upon which the opinion referred to in the orders could be based. The orders refer to the indictments by description, date and number. This clearly shows that the indictments were before the court and

were sufficient in themselves to furnish basis for the opinion, irrespective of any special facts in the particular cases. The "subject of the indictment," being murder in the first degree, was sufficient basis for the determination of propriety for removal and trial in the Supreme Court. See People v. Raizen, 120 Misc. Rep. 182, Callaghan, J., citing People v. Hall, 169 N. Y. 184.

For the reasons stated motion to vacate orders is denied.

Ordered accordingly.