THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ROY M. PAGE, Defendant.

Supreme Court, Extraordinary Trial and Special Term, Albany County, May 25, 1944.

*Nathaniel L. Goldstein, Attorney-General (Hiram C. Todd and Martin H. Weyrauch* of counsel), for plaintiff.

*Daniel H. Prior* for defendant appearing specially.

PERSONIUS, J. On April 19, 1944, the indictment herein was presented. On the following day the defendant was arraigned,

pled not guilty, reserved his rights to make motions until May 3rd, and was released from custody on his own recognizance. On May 3rd, the defendant made certain motions, including a motion for a bill of particulars. These motions were determined and the bill of particulars, so far as allowed, furnished that day. On May 16, 1944, the defendant obtained an order from the Hon. Justice SCHIRICK staying the trial of the case for not exceeding thirty days, pending an application by defendant to change the place of trial to another county, and the determination thereof.

The People from the beginning have urged an early trial on the ground that one of their important witnesses is subject to induction and the husband of another is in the service, his wife being with him in this country at present, as well as upon the ground that an early trial of criminal cases is, as often expressed by the courts, desirable, and the further ground that the defendant has expressed his desire for an early and speedy trial.

On May 22, 1944, the attorneys for both parties being in court, and no application having been made by the defendant for change of place of trial, the People's attorney stated that, without waiving any rights but " with the idea of expediting " the trial, he would " consent to a change of venue at once " and " I am here now offering that consent," and that an order changing the venue be then made. The defendant's attorney declined to so stipulate. On the same day the People's attorney obtained this order to show cause returnable May 23rd.

The defendant's attorney appeared specially and moved (1) to dismiss the motion to vacate the stay on the ground that the court at this time was without power to entertain or grant the motion, and (2) stated: " Of course, there are no authorities, we all know, for the People to move for a change of venue."

This court has jurisdiction and the right to hear this application for removal. (Code Crim. Pro., § 346.) That section also indicates the legislative intent that it be made promptly and cause no unnecessary delay.

Considering, first, the People's motion to change the place of trial, we cannot agree that there is no authority for the People to make such motion. True, section 344 of the Code of Criminal Procedure provides for the removal of a case on the application of the *defendant*. Subdivision 1 thereof provides for removal from a county court to the Supreme Court for good cause shown, and subdivision 2 for the removal from the Supreme Court or a county court to a term of the Supreme

Court in another county on the ground that a fair and impartial trial cannot be had where the indictment is pending. The removal by the *defendant* under either subdivision is provided for by said section, and the following sections specify the procedure. Did these provisions eliminate any right which the People have to move for a removal under either subdivision? Under the authorities, we think such right was not taken away.

Prior to the enactment of these Code provisions, and even at common law, the prosecution, the People, had the right to move for a removal, either from a lower court to the Supreme Court or from the Supreme Court to a term of the Supreme Court in another county. (*The People* v. *Baker,* 3 Abb. Pr. 42, also reported in 3 Park. Cr. Cas. 181; *The People* v. *Webb,* 1 Hill 179, 182; *Jones* v. *The People,* 79 N. Y. 45, 50; *Rex* v. *Harris,* 3 Burrow 1330.) In the last case the court recognized the rule, but denied the People's motion on the merits. A discussion of the question appears in Spellman on Criminal Codes of New York, pages 398–399, where the writer, referring to sections 343 and 344, said: " This is simply a regulation of the method of removal when the application is made by the defendant. It is not an attempt by implication to deprive the Supreme Court of the well understood power it had always possessed where the application was made by the prosecution. * * * As has been indicated above, the court of appeals has held that the sections contained in the present chapter, which provide a method of removal of a cause upon application of the defendant, are not intended to deprive the Supreme Court of its inherent power to order a removal of the cause at the instance of the prosecution ", citing *People* v. *Farini* (239 N. Y. 411). In that, apparently the latest case, *People* v. *Baker* (*supra*) is cited with approval. (See, also, *People ex rel. Swan* v. *Court of Gen. Sessions,* 115 Misc. 454.) True, the last two cases were considering a removal from one court to another in the same county but, as we have pointed out, section 344 of the Code of Criminal Procedure includes both (1) removals from a lower court to the Supreme Court in the same county, and (2) removals from the Supreme Court or other courts to a term of the Supreme Court in another county. No distinction is drawn between the two and some of the cases we have cited were removals from the county of origin to another county. Ordinarily a motion by the prosecution under subdivision 2 of section 344 would be made on the ground that the prosecution could not obtain an impartial trial in the county where the

indictment was pending. It would be necessary for the prosecution to substantiate that ground. In the present case, the prosecution does not do this but relies on the averments of the defendant's attorney on his application for a stay, that prejudice is prevalent in Albany County and that in his opinion it would be almost impossible to obtain an unprejudiced trial jury, and that he intends to move for an order changing the place of trial from Albany County on the ground that a fair and impartial trial cannot be there had. On those averments defendant's attorney obtained a stay under section 347 of the Code of Criminal Procedure. On the argument of this motion he takes the same position and the People's attorney consented to the change, and to avoid delay, that the order be made immediately. In brief the defendant informally asks for a change of venue, alleging sufficient grounds, and the People consent. How can the substantial rights of the defendant be affected by granting the relief which he asks?

The motion to change the place of trial of the indictment herein from the Supreme Court of Albany County to a term of the Supreme Court in another county is granted.

To what county should it be changed? The motion for a stay was made in Ulster County. On the argument of this motion the court suggested that the place of trial be changed to Ulster County. The defendant's counsel stated in substance that nothing was the matter with that County and that he had tried many cases there. It is the same district as Albany County. The order may provide that the place of trial be changed from Albany County to Ulster County.

As to the motion to vacate the stay, the defendant urges that this court has no power to grant it, citing *People* v. *McLaughlin* (150 N. Y. 365). In that case the court recognized (p. 375) that the right of removal was not created by the Code, but existed at common law. The case is by no means parallel and it would appear that the District Attorney not only moved to vacate the stay, but moved for an immediate argument of the pending motion to change the place of trial *on the papers on which the stay was granted*. No further affidavit was filed, except a formal affidavit as to the status of the action. This motion is made upon an additional affidavit, showing the consent of the People to the removal. However, we deny the motion to vacate the stay.

Submit order in accord herewith.