the man speaks broken English, and is not aware of the ways of the people here, and he does not know what is going on now.

"Defendants' Attorney: I take exception to your honor's characterizing remarks."

While it may be quite proper for the court to limit a cross-examination, particularly upon a mere matter of a witness' prior contradictory statements, which go to impeach his credibility, it is to be noted, in the first place, that the witness, who was being interrogated, was, in substance, the plaintiff in this action, and that his contradictory statement in the previous litigation went to the very root of his present claim. But the determining consideration is that the remarks of the learned judge below amounted substantially to a statement, in the presence of the jury, that the previous contradictory statement was entitled to no weight, because the witness evidently never knew what he was talking about or signing, and would at the very instant of his examination be willing to sign any statement prepared for him. Under such circumstances, which require no further comment, the verdict cannot stand.

Judgment reversed, and new trial granted, with $30 costs to appellant to abide the event, and appeal from order dismissed. All concur.

---

(93 Misc. Rep. 191)

### HIMMEL v. MUTUAL LIFE INS. CO.

(Supreme Court, Appellate Term, First Department. January 5, 1916.)

COURTS ☞190—MUNICIPAL COURT—REVIEW OF PROCEEDINGS—TIME FOR BRINGING APPEAL.

Under Municipal Court Act (Laws 1902, c. 580) §§ 284, 286, prescribing that the clerk must "keep a docket in such manner as the rules may prescribe," the rules requiring that the clerk shall keep "(a) books to be known as current docket books," and "(c) an alphabetical index of all judgments entered in the current docket books on which an execution is issuable," judgments to be indexed in the name of the judgment debtors, and the name or names of the judgment creditors to be entered opposite the judgment debtors, a judgment is not properly entered until indexed, and an appeal, notice of which was served within 20 days after such indexing, though more than 20 days after entry in the docket book, was brought in time, and not subject to dismissal.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ☞190.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by William Himmel, doing business as the Himmel Dress Company, against the Mutual Life Insurance Company. Judgment for plaintiff, and defendant appeals. On motion to dismiss. Motion denied.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Frederick L. Allen, of New York City, for appellant.
Theodore Arnold, of New York City, for respondent.

PER CURIAM. This is a motion to dismiss an appeal from a judgment of the Municipal Court upon the ground that the notice of appeal was served more than 20 days after the entry of judgment. The facts are undisputed. The case was tried in June, 1915, and submitted to the trial justices for decision on July 7, 1915. Some time prior to July 12th the case was decided, and the papers handed to the clerk of the court for entry of the judgment. The judgment was in favor of the plaintiff, and the defendant's attorney repeatedly inquired at the clerk's office, both in person and by telephone, as to the disposition of the case, and was informed that no decision had been rendered. On August 13th the defendant's attorney wrote a letter to the clerk, asking if a judgment had been rendered, and the letter was returned to him with a notation thereon to the effect that there was no record of any decision in the case. On September 8th the parties, by their respective attorneys, entered into a stipulation setting the case down for a new trial; the stipulation reciting that:

"Judgment not having been rendered herein and that more than 20 days have expired since said 7th day of July, 1915," etc.

On September 23d the parties appeared in court; but the case was not on the calendar, no papers having been found on file. On November 22, 1915, the attorney for the defendant was informed by the clerk that the papers had been found that morning, and that in the docket book there appeared to be an entry of the judgment on July 12, 1915, but that the same had not been indexed in the index book of judgments. Thereafter the defendant made a motion in the Municipal Court for an order declaring that the judgment had not been entered until November 22, 1915. This motion was granted, to the extent of directing the clerk of the Municipal Court to note on the docket book that the judgment had not been indexed until November 22, 1915. The defendant served a notice of appeal from the judgment within the 20 days from November 22, 1915, and the plaintiff, claiming that the time to appeal began to run from the time of the entry in the docket, asks that the appeal be dismissed.

Section 311 of the former Municipal Court Act provided that an appeal must be taken within twenty days after "the entry of the judgment, order or final order in the docket." A similar provision has been carried in the Municipal Court Code. The former act required the clerk to keep a docket, in which among other things should be entered "the judgment of the court, its amount, and the costs of the action." It also provided in sections 284 and 286 that the clerk must keep an index of his docket in which must be entered the names of the parties. The present Municipal Court Code prescribes that the clerk must "keep a docket in such manner as the rules may prescribe." And the rules adopted by the board of justices require that the clerk shall keep the following books:

"(a) Books to be known as current docket books. * * * (b) * * * (c) An alphabetical index of all judgments entered in the current docket books on which an execution is issuable. * * * The judgment shall be indexed in the name of the judgment debtor and the name or names of the judgment creditor shall be entered opposite to the judgment debtor. * * *"

Under any of the foregoing provisions it will be seen that the indexing of a judgment is one of the most important elements of its entry, and there being no provision in the Municipal Court for service of a copy of the judgment or notice of its entry in order to limit the time in which an appeal may be taken, the necessity for such indexing before a judgment can be deemed complete appears almost essential. The courts have held that if the clerk omits to properly index a judgment it does not become a lien upon property. Buchan v. Sumner, 2 Barb. Ch. 165, 47 Am. Dec. 305; Le Fevre v. Philips, 81 Hun, 232, 30 N. Y. Supp. 709. See, also, Bernstein v. Schoenfeld, 81 App. Div. 175, 81 N. Y. Supp. 11. For the purposes of an appeal we hold that under the peculiar circumstances of this case the judgment was not properly entered until it was indexed and that the appeal in this case was therefore brought in time and should not be dismissed.

Motion denied.