THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* JOHN FARINI, Appellant.

**Crimes — murder in first degree — jurisdiction — power of Supreme Court to remove to itself indictments pending in lower courts — sufficiency of evidence to sustain verdict — immaterial errors disregarded.**

1. No attempt has been made by the adoption of the Code of Criminal Procedure to deprive the Supreme Court of the power to remove to itself indictments pending in a lower court or to change the existing rules on that subject when the application for the removal is made by the People. Section 344 is simply a regulation of the method of removal when the application is made by the defendant

It is not an attempt by implication to deprive the Supreme Court of the well-understood power it has always possessed when the application was made by the prosecution.

2. The Supreme Court, therefore, had jurisdiction, upon the application of the district attorney, without notice to the defendant, to remove his indictment for murder in the first degree, found in the County Court, into the Supreme Court for trial.

. 3. Upon examination of the record, *held* that the finding of the jury is supported by the weight of evidence; that while various. acts and rulings of the trial judge are disapproved, they were not of such substantial importance that the defendant was thereby deprived of a fair trial.

(Argued December 4, 1924· decided February 3, 1925.)

APPEAL from a judgment of the Supreme Court, rendered March 3, 1924, at a Trial Term for the county of Kings, upon a verdict convicting defendant of the crime of murder in the first degree.

*Samuel J. Siegel* and *Edward S. Napolis* for appellant. The Supreme Court had no jurisdiction to make the order of January 8, 1924, removing the indictment herein from the County Court of Kings county into the Supreme Court, and by said order did not acquire jurisdiction. (*People* v. *DePuy*, 115 App. Div. 564; *People ex rel. Hasbrouck* v. *General Sessions*, 3 Barb. 144; *People* v. *Bradner*, 107 N. Y. 1; *People* v. *Bissert*, 171 App. Div. 118; 172 N. Y. 643; *People* v. *Green*, 137 App. Div. 763; *People ex rel. Jerome* v. *Sessions*, 112 App. Div. 424; 185 N. Y. 504; *People* v. *Scannell*, 36 Misc. Rep. 483; *Jones* v. *People*, 79 N. Y. 45; *People ex rel. Swann* v. *Court of General Sessions*, 115 Misc. Rep. 454; *People* v. *Comstock*, 8 Wend. 549.) The verdict of the jury is entirely unsupported by the evidence, and justice requires that a new trial be granted. (*People* v. *Parlik*, 3 N. Y. Supp. 232; *People* v. *Murphy*, 193 App. Div. 177.) The defendant was not accorded a fair and impartial trial by the trial court. (*People* v. *Latshaw*, 205 App. Div. 449; *People* v. *Hinksman*, 192 N. Y. 421; *People* v.

*Montesanto,* 236 N. Y. 396; *People* v. *Bertlini,* 157 N. Y. Supp. 599; *People* v. *Smith,* 172 N. Y. 211.)

*Charles J. Dodd, District Attorney (Henry J. Walsh* and *James I. Cuff* of counsel), for respondent. The Supreme Court had power to transfer the indictment herein from the County Court of Kings county to itself, on the motion of the People. (*Leighton* v. *People,* 88 N. Y. 117; *People* v. *Caroline,* 115 N. Y. 658; *People* v. *DePuy,* 115 App. Div. 564; *People ex rel. Hasbrouck* v. *General Sessions,* 3 Barb. 144; *People* v. *Myers,* 2 Hun, 6; *People* v. *Gay,* 10 Wend. 509; *People ex rel. Sherwin* v. *Mead,* 28 Hun, 227; 92 N. Y. 415; *People* v. *Quimbo Appo,* 20 N. Y. 531; *People* v. *Baker,* 3 Park. Cr. Rep. 181; *Jones* v. *People,* 79 N. Y. 45; *People ex rel. Swann* v. *Court of General Sessions,* 115 Misc. Rep. 454.) The appellant's guilt was proved beyond a reasonable doubt. (*People* v. *Seidenshner,* 210 N. Y. 341; *People* v. *Sappi,* 221 N. Y. 62; *People* v. *Trybus,* 219 N. Y. 18; *People* v. *Jackson,* 182 N. Y. 66; *People* v. *Place,* 157 N. Y. 584; *People* v. *Hughson,* 154 N. Y. 153; *Hope* v. *People,* 83 N. Y. 418; *People* v. *Kerrigan,* 147 N. Y. 210; *People* v. *Ferraro,* 161 N. Y. 365; *People* v. *Sanducci,* 195 N. Y. 361; *People* v. *Poulin,* 207 N. Y. 73; *People* v. *Eng Hing,* 212 N. Y. 373.)

ANDREWS, J. This defendant was indicted for the crime of murder in the first degree in the County Court of Kings county. He was then arraigned and pleaded "not guilty." Thereafter an order was made by the Supreme Court upon the application of the district attorney, without notice to the defendant, removing the indictment into that court. There he was subsequently tried and convicted. It is said that the Supreme Court had no jurisdiction to make this order and consequently might not proceed with the trial. The claim is that under our Code of Criminal Procedure such an order may be made by the

[239 N. Y. 411] Opinion, per ANDREWS, J. [Feb.,

Supreme Court only upon the application of the defendant. If this be so it reverses a practice that has been general since the adoption of the Code and that was concededly allowed before that time. To effect such a change the intention of the Legislature should be expressed in clear and unmistakable terms.

Originally the removal of criminal actions prosecuted by indictment from one court to another was by means of the writ of certiorari. Under the English practice the application might be made by the Crown for the removal from a lower court to the King's Bench without notice, in which case it was granted as a matter of right. Or it might be made by a private prosecutor or by the defendant and then cause therefor must be shown. A similar power of removal on the application of the district attorney or of the defendant was possessed by our Supreme Court, except that it may be doubtful whether the former might demand it as a matter of right. (*Jones* v. *People,* 79 N. Y. 45.)

In 1881 came our Code of Criminal Procedure. It is to be interpreted in view of existing practice. By it the Supreme Court was declared to have jurisdiction to try any indictment found in any County Court sent to it by the latter court " or which has been removed from any court into the Supreme Court if, in the opinion of that court, it is proper to be tried therein." (Code Crim. Pro. sec. 22.) Were this all no question would arise. The precise method now to be used was altered. The writ of certiorari was abolished. The authority of the Supreme Court is asserted by an order. But there could be no doubt that this authority which had existed for years remained.

The Code, however, contains certain other provisions. " All writs and other proceedings heretofore existing, for the removal, upon the application of the defendant, of criminal actions prosecuted by indictment, from one court to another before trial, are abolished." (Code Crim. Pro.

sec. 343.) " A criminal action, prosecuted by indictment, may, at any time before trial, on the application of the defendant, be removed from the court in which it is pending, as provided in this chapter in the following cases: (1) From a County Court * * * to the Supreme Court. held in the same county for good cause shown." (Code Crim. Pro. sec. 344.) This is simply a regulation of the method of removal when the application is made by the defendant. It is not an attempt by implication to deprive the Supreme Court of the well-understood power it had always possessed where the application was made by the prosecution. Nor is it the first attempt to regulate such procedure where the motion was made by the defendant. In England it had already been done. In this state also. (2 R. S. pp. 731, 732, secs. 76–83; 3 R. S. [6th ed.], p. 1027.) The provisions contained in these statutes are not unlike the present provisions in the Code of Criminal Procedure. Yet they were not held to limit the power of removal on the application of the People. " In reference to the act of 1829, it may raise a slight inference that the Legislature by which it was passed supposed that the certiorari could be issued only at the instance of the defendant. But that could not have the effect to abrogate a pre-existing right of the People, and one, too, which might be very essential to the due administration of justice under circumstances of frequent occurrence. * * * In this state, where the People have acquired the rights originally appertaining to the Crown of England in criminal cases, except where they are inconsistent with our form of government, or have been expressly abrogated (and neither is the case here), it is safe to conclude that the well-settled rights of the public have not been taken away by a remote inference." (*People* v. *Baker*, 3 Parker's Crim. Rep. 181, 190.) A like construction should again be given to the present provisions, and we hold that no attempt has been made to deprive the Supreme Court of

the power to remove to itself indictments pending in a lower court or to change the existing rules on that subject when the application for the removal is made by the People.

Other questions are discussed by the defendant. We are of the opinion that the finding of the jury is supported by the weight of evidence. While we disapprove of various acts and rulings of the trial judge we cannot say that they were of such substantial importance that the defendant was thereby deprived of a fair trial. Some errors were committed but none were sufficient to justify a reversal of the judgment of the court below.

The judgment appealed from must be affirmed under the authority of section 542 of the Code of Criminal Procedure.

Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane and Lehman, JJ., concur.

Judgment of conviction affirmed.