GELKOM REALTY CORPORATION, Landlord, Appellant, *v.* JEWEL-REGUN THEATRES CORPORATION, Tenant, BENJAMIN SHERMAN, MANHATTAN PLAYHOUSES, INC., and All Other Undertenants, Respondents.

Supreme Court, Appellate Term, First Department, June 15, 1933.

*Morris M. Baker*, for the appellant.

*Nathan Burkan* [*Louis D. Frolich* of counsel], for the respondents.

FRANKENTHALER, J. In this summary proceeding for non-payment of rent the amendment sought was to insert the words " and undertenants " in certain parts of the petition and precept so as to allege a demand upon the undertenants, so called, for the rent due and to include the undertenants as parties against whom the precept gave notice that a money judgment was demanded.

Final order and judgment for the landlord had been entered on default, and deeming the form of judgment equivocal respondents asked leave to interpose an answer. The motion was granted, and the undertenants filed an answer denying the allegations of the petition except that they admitted the lease and that the tenant was obliged to pay the rent demanded. The landlord then served notice of motion to amend the precept and petition, as before stated, and the motion was denied.

Prior to the amendment of section 1425 of the Civil Practice Act by chapter 514 of the Laws of 1924 the court had no jurisdiction to award the landlord judgment for rent in a summary proceeding; the landlord was required to bring an action for the rent. The amendment provided that " if the precept contain a notice that demand is made in the petition for a judgment for rent in arrears, and the precept is served at least five days before the return day thereof, the court, upon rendering a final order, may determine the amount of rent due to the petitioner and give judgment for the amount found to be due."

The result of the amendment where availed of by the landlord was to make the proceeding in effect an action as well as a summary proceeding so far as a money recovery was concerned, provided the requirements of the statute were met. These requirements were not simply a demand in the petition for judgment for the rent, but that the precept — the process conferring jurisdiction — notify the party upon whom it is served that demand is made in the petition for rent in arrears, and that such precept containing such demand be served at least five days before the return day thereof. (Keogh Landl. & Ten. Summary Proceedings, 100.)

The ground of the denial of the motion was that the court had no jurisdiction to permit the amendment, the justice below citing *Fourteenth Street & Broadway Realty Corp.* v. *Deutsch* (136 Misc. 50).

I think the court had ample jurisdiction to grant the amendment.

The case cited is clearly distinguishable. There, although the precept did not contain the statutory notice, nor the petition the necessary demand, the trial judge granted the landlord's motion to

amend the precept and petition *nunc pro tunc*, and this court held that as the landlord had not taken the proceeding in accordance with the requirements of the statute so as to give the trial court jurisdiction to render a judgment for the rent, the court could not, against the objection of the tenant, by amendment assume such jurisdiction.

In the present case, however, the precept contains the required notice of an appropriate demand in the petition for a judgment for the rent; it is in the form prescribed by section 28-a of the Municipal Court Code; pursuant to the statute (Civ. Prac. Act, § 1419) it was served at least five days before the return day thereof; the so-called undertenants (against whom as such a judgment for rent could not be had) are also referred to in the petition as assignees of the lease; and it is plain the court had jurisdiction to amend either the precept or petition so as to specifically describe the parties against whom judgment was demanded. (Mun. Ct. Code, § 93, subd. 2.)

Order reversed and matter remitted to the court below for disposition of the landlord's application.

All concur; present, LYDON, CALLAHAN and FRANKENTHALER, JJ.