THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRANK T. BARTELA, Defendant.

Supreme Court, Chautauqua County, January 17, 1934.

*Robert M. Hitchcock* for the defendant, for motion.

*Glenn W. Woodin, District Attorney,* opposed.

MACGREGOR, J. At the instance of the district attorney of Chautauqua county a certificate of removal was signed by me removing charges of misdemeanors made by the People against the defendant from the City Court of Dunkirk to the grand jury of Chautauqua county for prosecution by indictment.

The attorney for the defendant moves to set aside the certificate upon the ground that the granting of it was an abuse of discretion

and also that the charges can only be removed at the instance of the defendant. (Code Crim. Proc. §§ 22, 56, subd. 37, and § 57.)

Section 22 gives to the Supreme Court jurisdiction to inquire by the intervention of a grand jury of minor crimes as to which the Courts of Special Sessions and Police Courts have exclusive jurisdiction if a certificate of removal is procured. Section 57 of the Code gives the right to the defendant to apply for a certificate as to crime specified in section 56 upon notice to the complainant or the district attorney. Subdivision 37 of section 56 confers exclusive jurisdiction as to the alleged crime upon the City Court of Dunkirk.

There is no provision in the statute relating to the right of the district attorney to make the application. I have come to the conclusion, however, inasmuch as the district attorney is not precluded by statute from making such an application upon his own initiative that as the representative of the People he has the right to do so. (*People* v. *Farini*, 239 N. Y. 411; *People* v. *Baker*, 3 Abb. Pr. 42; *People* v. *Knatt*, 156 N. Y. 302; *Jones* v. *People*, 79 id. 45.)

As to the point that there was an abuse of discretion, I have come to the conclusion that there was no such abuse.

The administration of justice can be better served by a determination of the issues removed from the hectic atmosphere apparently now existing in the city of Dunkirk.

The motion to set aside the certificate of removal is denied.