In the Matter of JOHN J. MURPHY, Petitioner, against EXTRAORDINARY SPECIAL AND TRIAL TERM OF THE SUPREME COURT Appointed to be Held in the County of New York, Respondent.

First Department, March 23, 1945.

*Henry Epstein* of counsel (*Daniel H. Prior*, attorney), for petitioner.

*Harris B. Steinberg, Deputy Attorney-General,* of counsel (*Nathaniel L. Goldstein, Attorney-General; George P. Monaghan, Deputy Attorney-General; Herbert Stern, Deputy Attorney-General,* with him on the brief), for respondent.

GLENNON, J. This is an application by petitioner for an order in the nature of prohibition restraining the Extraordinary Special and Trial Term to be held in New York County from proceeding with the trial of the indictment filed against the petitioner.

The Governor by an executive order appointed an Extraordinary Special and Trial Term of the Supreme Court in Albany County on November 13, 1943. Thereafter a Grand Jury was empaneled which handed up an indictment on July 28, 1944, containing twenty-nine counts in which the petitioner was charged with a series of larcenies in the first and second degrees, violations of section 783 of the Penal Law and violations of sections 321, 322(a)▪ 322(b)▪ and 326 of the Election Law.

The Attorney-General on November 13, 1944, made an application before the Extraordinary Special and Trial Term of the Supreme Court held in Albany County for an order changing the place of trial from Albany County to a term of the Supreme Court in another county. The basis of the application was that a fair trial could not be had, insofar as the People were concerned, in Albany County. The Justice presiding granted the application. By an order dated the same day, the place of trial was removed from Albany County to New York County over the objection of the petitioner who appeared specially for the purpose of objecting to the jurisdiction and authority of the court to entertain the motion. Thereafter petitioner appealed from the order of removal but the appeal was dismissed by the Appellate Division, Third Department, on the ground that the order was not appealable. (*People* v. *Murphy*, 268 App. Div. 1009.)

By proclamation dated December 28, 1944, the Governor appointed an Extraordinary Special and Trial Term of the Supreme Court to be held in New York County on January 29, 1945. The petitioner claims and asserts that there is no authority in law for his trial in New York County and that the order of removal is a nullity.

On the present application reliance is placed upon the provisions of sections 355 and 344 of the Code of Criminal Procedure in addition to article I, section 2, of the New York State Constitution. We do not believe that the sections of the Code or the constitutional provisions relied upon are a bar to the trial of this indictment in New York County. Section 355 in substance provides that an issue of fact must be tried by a jury

of the county in which the indictment was found, unless the action is removed by an order of the court into another county, as provided in section 344. Section 344 reads as follows:

" § 344. *When and in what cases, indictment may be removed before trial.* A criminal action, prosecuted by indictment, may, at any time before trial, on the application of the defendant, be removed from the court in which it is pending, as provided in this chapter, in the following cases:

" 1. From a county court to a term of the supreme court held in the same county, for good cause shown;

" 2. From the supreme court, or a county court, to a term of the supreme court held in another county, on the ground that a fair and impartial trial cannot be had in the county where the indictment is pending."

The argument is advanced that, under those sections, only the defendant may make application for a change of venue on the ground that a fair and impartial trial cannot be had in the county in which the indictment was found. It seems to us that those sections were enacted for the purpose of giving additional safeguards to a defendant accused of crime. There is nothing in the sections relied upon which prohibits the Supreme Court, for good cause shown, from transferring at the behest of the People the trial of an indictment to a place where a fair and impartial trial may be had. Prior to the enactment of the Code of Criminal Procedure, the common law of New York permitted a change of venue in a criminal action on the People's application in order to insure a fair and impartial trial. (*The People* v. *Baker*, 3 Abb. Prac. 42.)

After the adoption of the Code of Criminal Procedure, the Court of Appeals had occasion to construe subdivision 1 of section 344 of the Code of Criminal Procedure in *People* v. *Farini* (239 N. Y. 411). There it appeared that the accused had been indicted for murder, first degree, in the County Court of Kings County. Upon application of the District Attorney of that county, without notice to the defendant, an order was made removing the indictment into the Supreme Court, where he was subsequently tried and convicted. It was contended that the Supreme Court had no jurisdiction to make the order. After reviewing briefly the history of the removal of criminal actions, Judge ANDREWS, writing for a unanimous court, said in part: " The Code, however, contains certain other provisions. ' All writs and other proceedings heretofore existing, for the removal, upon the application of the defendant, of criminal actions prosecuted by indictment, from one court to another before trial, are

abolished.' (Code Crim. Pro. sec. 343.) ' A criminal action, prosecuted by indictment, may, at any time before trial, on the application of the defendant, be removed from the court in which it is pending, as provided in this chapter in the following cases: (1) From a County Court * * * to the Supreme Court held in the same county for good cause shown.' (Code Crim. Pro. sec. 344.) This is simply a regulation of the method of removal when the application is made by the defendant. It is not an attempt by implication to deprive the Supreme Court of the well-understood power it had always possessed where the application was made by the prosecution. Nor is it the first attempt to regulate such procedure where the motion was made by the defendant. In England it had already been done. In this state also. (2 R. S. pp. 731, 732, secs. 76–83; 3 R. S. [6th ed.], p. 1027.) The provisions contained in these statutes are not unlike the present provisions in the Code of Criminal Procedure. Yet they were not held to limit the power of removal on the application of the People. ' In reference to the act of 1829, it may raise a slight inference that the Legislature by which it was passed supposed that the certiorari could be issued only at the instance of the defendant. But that could not have the effect to abrogate a pre-existing right of the People, and one, too, which might be so very essential to the due administration of justice under circumstances of frequent occurrence. * * * In this state, where the People have acquired the rights originally appertaining to the Crown of England in criminal cases, except where they are inconsistent with our form of government, or have been expressly abrogated (and neither is the case here), it is safe to conclude that the well-settled rights of the public have not been taken away by a remote inference.' (*People* v. *Baker*, 3 Parker's Crim. Rep. 181, 190.) A like construction should again be given to the present provisions, and we hold that no attempt has been made to deprive the Supreme Court of the power to remove to itself indictments pending in a lower court or to change the existing rules on that subject when the application for the removal is made by the People.''

While section 355 of the Code of Criminal Procedure provides that '' An issue of fact must be tried by a jury of the county in which the indictment was found, unless the action be removed, by order of the supreme court, into another county, as provided in the second subdivision '' of section 344, still the reasoning employed in *People* v. *Farini* (*supra*) applies with equal force to the provisions of the second subdivision of section 344 as well as to the first. Furthermore, article VI, section 1, of the Constitution

of this State provides that " The supreme court is continued with general jurisdiction in law and equity * * * ." The general jurisdiction includes the power to change the place of trial from one county to another including the trial of criminal cases. At the time of the adoption of the constitutional provision in 1846, the Supreme Court had the power to change the place of trial upon the application of the People in cases where the court was satisfied that it was necessary in the interests of justice. The general jurisdiction of the Supreme Court extends throughout the entire State of New York. Neither section 355 nor section 344 may be used as a bar to the Supreme Court's inherent power to change the place of trial from one county to another. In *Mussen* v. *Ausable Granite Works* (63 Hun 367) the court, at page 369, said in part: " Any act of the Legislature which deprives the court of the jurisdiction it had at the time of the adoption of the Constitution, or limits or qualifies it, is unconstitutional and void. (*Alexander* v. *Bennett,* 60 N. Y. 204; *City of Brooklyn* v. *Mayor, etc., of New York,* 25 Hun 612; *Popfinger* v. *Yutte,* 102 N. Y. 42; *Hutkoff* v. *Demorest,* 103 id. 380.) "

Reliance is also placed by the petitioner on the provisions of article I, section 2, of the New York State Constitution. It reads, in part, as follows: " Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever * * * ."

The order transferring the place of trial from Albany County to New York County in no way infringes upon the constitutional mandate providing trial by jury.

We hold, therefore, that the Extraordinary Term of the Supreme Court in Albany County had the power to transfer the trial of the indictment to New York County on the application of the People. We realize of course that this may work a hardship on the accused. A considerable amount of money must be expended for the purpose of transporting the petitioner's witnesses from Albany to the city of New York, and while the order of transfer provides that the mileage provided by statute for witnesses shall be paid by the State of New York, still it is fair to assume that initially the petitioner will be required to advance a considerable sum of money to his witnesses for the purpose of transportation. The difficulty of obtaining hotel accommodations at the present time in New York City is one that cannot be overlooked. We are holding, therefore, simply as a matter of law that the Extraordinary Special and Trial Term of the Supreme Court of Albany County had the power to direct the change of venue.

The application should, therefore, be denied and the petition dismissed.

MARTIN, P. J., TOWNLEY and DORE, JJ., concur; UNTERMYER, J., concurs in result.

Application unanimously denied as a matter of law and not in the exercise of discretion and the petition dismissed. [See *post*, p. 745.]