In the Matter of the City of New York, Relative to Acquiring Title to Real Property Required for the Harlem River Drive.

Supreme Court, Special Term, New York County, September 27, 1949.

*Morris Wagman* for Lou-Ann Holding Corp., claimant.

*John P. McGrath, Corporation Counsel (Harry E. O'Donnell* and *Samuel K. Handel* of counsel), for City of New York.

EDER, J. Motion of claimant Lou-Ann Holding Corporation to amend and correct decision and award is granted as prayed for. Damage parcel 19W was inadvertently included in the award made in favor of the claimant for no claim is made by the claimant for this damage parcel and reference should have been made to damage parcel 18W for which a claim was made for compensation and allowed for the physical bulkhead, platform, and bulkhead rights. Accordingly, damage parcel 19W is eliminated and damage parcel 18W is substituted therefor. As to damage parcels 13W and 14W they are properly includible in the decision and award as requested by the movant for the reason that there existed on parcel 13W at the time of the taking of the property, a shed, the compensation for which is included in the award and which shed was erected with the permission of the city, and for the reason that part of the physical bulkhead of claimant's property, viz., 105 feet, lies within parcel 14W and for which compensation was allowed and is included in the total award. The contentions of the city, in opposition, designated as (a), (b) and (c), are viewed as unpersuasive. As to (a) it is without effect as no claim is made by said claimant for the fee of Exterior Street, but, as stated, for compensation for the physical bulkhead, the platform and bulkhead rights as a part of damage parcel 18W. As to (b), I find no provision of law, nor has the court been referred to any, which authorizes the city to separate the bulkhead and bulkhead rights from the land itself so as to eliminate them as part of and incidental to the land itself and to constitute them a part of damage parcel 19W, the effect of which, if permitted, would be to eliminate damage parcel 18W from inclusion in the award. Bulkhead rights are those rights granted to a person or corporation to collect wharfage, cranage and other fees or emoluments incident to commerce at the waterfront (*Matter of City of New York [Triborough Bridge]*, 159 Misc. 617, 632) and wharfage or bulkhead rights are part of and incidental to land and

those rights standing alone cannot be separately and independently taxed; they may be taxed only as part of the real estate to which they appertain and to which they are incident (*Matter of Hall,* 116 App. Div. 729, affd. 189 N. Y. 552). As to (c) it is without effect since it pertains to the fee of Exterior Street to which no claim is made for compensation for such fee. Settle order.