WILLIAM S. MARX et al., Doing Business as UPTOWN HANDKERCHIEF CO., et al., Plaintiffs, *v.* COMMERCE REALTY CORP., Defendant.

Supreme Court, Special Term, Bronx County, November 8, 1950.

*Archibald H. Kurland* for defendant.

*Louis J. Jasne* for plaintiffs.

EDER, J. Reargument of motion to dismiss second cause of action relating to plaintiff Flora Fashions, Inc. This cause of action is to recover excess rents allegedly wrongfully demanded by defendant, as landlord, from said plaintiff, as tenant, and paid by it to and accepted by defendant, in violation of the Commercial Rent Law (L. 1945, ch. 3, as amd.) and to recover, in addition, a penalty or forfeiture.

Defendant moved under subdivision 5 of rule 107 of the Rules of Civil Practice to dismiss said second cause of action upon the ground that there is an existing final judgment of a court of competent jurisdiction rendered on the merits determining the same cause of action as is set forth in said second cause of action between the parties herein.

The moving papers alleged that defendant, as landlord, instituted two summary proceedings against said plaintiff, as tenant, in the Municipal Court, one for nonpayment of rent ($500) for December, 1947, and the other for nonpayment of rent for January ($500) and February ($500), 1948, a total of $1,000; that plaintiff answered in each said proceeding and therein claimed said rent charged was unjust, unreasonable and oppressive and in excess of the emergency rent, the legal maximum rent allowed by law for the premises; that the issue was litigated on the merits and that therein a final order was made in favor of defendant, as landlord, and awarding it a recovery in said sums, and directing the clerk of the court to enter judgment accordingly; that said final orders operate as judgments and as *res judicata,* and, hence, bar said plaintiff's right to recover in this action.

Defendant's said contention was sustained and the motion to dismiss granted. This motion for reargument follows, being made after permission to apply first obtained.

The motion involves a construction of section 1425 of the Civil Practice Act, as amended by chapter 514 of the Laws of 1924.

Upon further consideration this court is of the view that the original decision (N. Y. L. J., May 1, 1950, p. 1535, col. 3) was an erroneous determination.

Prior to the enactment of said chapter 514, a landlord, in a summary proceeding to obtain possession of real property for nonpayment of rent could not, in such proceeding, obtain a personal judgment against the tenant, for the unpaid rent; the landlord was obliged to bring a separate action to recover the unpaid rent, and upon receiving a decision in his favor a formal judgment was thereupon entered by the clerk of the court (*Matter of McDonald,* 225 App. Div. 403; *Gelkom Realty Corp.* v. *Jewel-Regun Theatres Corp.,* 148 Misc. 140).

Section 1425, as amended by said chapter 514, now provides that in a summary proceeding to obtain possession of real property " If the precept contain a notice that demand is made in the petition for a judgment for rent in arrears, and the precept is served at least five days before the return day thereof, the court, upon rendering a final order, may determine the amount of rent due to the petitioner and give judgment for the amount found to be due."

It has been the long recognized practice, and such has been the long-established law, statutory and decisional, that after decision rendered formal judgment must be entered thereon and that until the decision has passed into a judgment the decision has no conclusive character and is ineffective (*Marsh* v. *Johnston,* 123 App. Div. 596; *Santilli* v. *Illinois Sur. Co.,* 79 Misc. 600; *Webb* v. *Buckelew,* 82 N. Y. 555, 559, 560; 1 Black on Judgments [2d ed.], §§ 3, 4, pp. 8–9).

As I comprehend it the legislative intent inducing the enactment of the above-quoted provision was to eliminate multiplicity of actions and to provide a method for the disposition of all controversies between the parties in one litigation; to combine, for the purpose of trial, in one litigation, the summary proceeding and the action to recover the unpaid rent (Cf. *Matter of McDonald,* 225 App. Div. 403, *supra*), thus furnishing a *modus operandi* for an expeditious disposition of all issues in the one cause; in effect, what is accomplished is a consolidation

of trial (Cf. *Gelkom Realty Corp.* v. *Jewel-Regun Theatres Corp.,* 148 Misc. 140, *supra*).

However, insofar as the landlord seeks a recovery against the tenant for unpaid rent, that part of the litigation remains separate and distinct as if it were an independent action, separately brought; had this been done the landlord, upon being awarded a recovery for the unpaid rent, would have been required to enter a proper formal judgment in order to make the decision operative and effective (N. Y. City Mun. Ct. Code, §§ 119, 125; N. Y. City Mun. Ct. Rules, rule XIV, subd. [1]; *Daniel* v. *Brooklyn Heights R. R. Co.,* 80 Misc. 208; *Himmel* v. *Mutual Life Ins. Co.,* 93 Misc. 191).

In my opinion the inclusion of the above-quoted provision in section 1425 of the Civil Practice Act, added by chapter 514 of the Laws of 1924, was not intended to do away with the existing, long-established and prevailing uniform practice requiring formal judgment to be entered after decision in an action for rent merely because tried in the summary proceeding instead of by separate trial. If such a radical change in existing practice was intended it is not manifested by anything in the language of this enactment and such an intended change and departure are not to be ascribed to the Legislature in the absence of plain, unequivocal expression by the Legislature to that effect (*People* v. *Farini,* 239 N. Y. 411, 413–414; *Matter of McDonald, supra*). In *People* v. *Farini* (*supra*) an order was made by the Supreme Court, in pursuance of a long-established practice, on ex parte application of the prosecutor, removing the indictment from the County Court into the Supreme Court; the defendant contended such a removal could only be granted on application of the defendant. In overruling the contention which, if upheld, would effect a change in practice that had been general for a long period of years, the court said (p. 414): "If this be so it reverses a practice that has been general since the adoption of the Code and that was concededly allowed before that time. To effect such a change the intention of the Legislature should be expressed in clear and unmistakable terms."

In the light of this view the ultimate conclusion is reached that the final order awarded under the provisions of section 1425, constitutes a judgment insofar as it awards possession of the realty, but insofar as it determines the amount of rent due, awards a recovery to the landlord and directs the clerk of the court to enter judgment accordingly, that part of the

final order is merely a decision upon which a formal judgment must be entered to make the decision operative and binding.

This view finds support in the form and language of the final order in use and employed by the Justices of the Municipal Court in a summary proceeding of such a dual nature, which recites that the court has determined the amount due as unpaid rent and that the landlord is entitled to a recovery in such sum and directs the clerk to enter judgment accordingly.

In a summary proceeding for nonpayment a final order has the force of a judgment and operates as *res judicata* insofar as it relates to the landlord's right to possession and determines that some rent is due which entitled the landlord to possession for failure of the tenant to pay it (*Jarvis* v. *Driggs, 69 N. Y. 143*); unless expressly authorized by law, the Justice before whom the proceeding is tried, is without power to make a determination as to the sum the landlord is entitled to recover as rent and to award judgment therefor, and the final order is inoperative and ineffective as an adjudication in that respect (*Jarvis* v. *Driggs, supra*).

As to the demand for a judgment for the unpaid rent, while under section 1425 of the Civil Practice Act, as now amended, the Justice is now empowered to make such a determination and to render a decision thereon, the *recital* in the final order that the landlord is entitled to recover as rent the sum therein specified and directing the clerk to enter judgment therefor is not a judgment but is only a *decision* authorizing the entry of a judgment; such *decision* has no binding force or effect and hence cannot operate as *res judicata,* or as a bar or estoppel (cases *supra*).

Admittedly, no formal judgment has ever been entered in either summary proceeding; the defendant, as landlord, did not enter it in the belief that the final order constituted a judgment for the unpaid rent. Such was the original view of this court, now withdrawn.

Accordingly, defendant's motion to dismiss the second cause of action, is denied.

Settle order.